# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ECAST, INC. and NSM MUSIC | ) |
| GROUP, LTD., | ) |
|  | ) |
| Defendants. | ) |

## STIPULATION

It is stipulated by and between the undersigned parties by their respective attorneys that:

1.    The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

2.    The parties consent that a Final Judgment in the form hereto attached may be filed and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16), and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent.

3.    The defendants shall abide by and comply with the provisions of the proposed Final Judgment pending entry of the Final Judgment, and shall, from the date of the filing of this Stipulation, comply with all the terms and provisions thereof as though the same were in full force and effect as an order of the Court.

4.    In the event the proposed Final Judgment is not entered pursuant to this Stipulation, this Stipulation shall be of no effect whatever, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

Dated: ~~June~~ *September* **2**, 2005.

**ECAST, INC.**


_____
Craig Waldman
Cooley Godward LLP
One Maritime Plaza
20th Floor
San Francisco, CA 94111-3580
Phone: (415) 693-2030
Fax: (415) 951-3699

Counsel for Ecast, Inc.

**UNITED STATES OF AMERICA**


_____
David C. Kully (DC Bar #448763)
Trial Attorney
United States Department of Justice
Antitrust Division
Litigation III
325 7th Street, NW; Suite 300
Washington, DC 20530
Phone: (202) 305-9969
Fax: (202) 307-9952

Counsel for the United States

**NSM MUSIC GROUP, LTD.**


_____
John T. Schriver
Duane Morris LLP
227 West Monroe Street
Chicago, IL 60606
Phone: (312) 499-6785
Fax: (312) 499-6701

Counsel for NSM Music Group, Ltd.

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil No.: _____ |
| | ) |
| ECAST, INC. and NSM MUSIC | ) |
| GROUP, LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PROPOSED FINAL JUDGMENT

WHEREAS, the United States of America filed its Complaint on September 2, 2005, alleging that defendants Ecast, Inc. ("Ecast") and NSM Music Group, Ltd. ("NSM") entered into an agreement in violation of Section 1 of the Sherman Act, and plaintiff and defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against, or any admission by, any party regarding any such issue of fact or law;

AND WHEREAS, Ecast and NSM agree to be bound by the provisions of this Final Judgment pending its approval by this Court;

AND WHEREAS, the essence of this Final Judgment is the prevention of future conduct by Ecast and NSM that impairs competition in the digital jukebox platform market;

AND WHEREAS, the United States requires Ecast and NSM to agree to certain procedures and prohibitions for the purpose of preventing the loss of competition;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

## I.  JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against Ecast and NSM under Section 1 of the Sherman Act, as amended, 15 U.S.C. § 1.

## II.  DEFINITIONS

As used in this Final Judgment:

A.      "Digital Jukebox" means a commercial vending device that upon payment plays for public performance digital music files that are delivered electronically from a remote server and stored on any internal or connected data storage medium.

B.      "Digital Jukebox Platform Competitor" means any natural person, corporate entity, partnership, association, or joint venture that has licensed (or that Ecast or NSM knows or has reason to believe has plans to license) a collection of digital music files from U.S. copyright holders for the purpose of supplying music content in the United States to a Digital Jukebox.

C.      "Ecast" means defendant Ecast, Inc., a privately held company organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their officers, managers, agents, employees, and directors acting or claiming to act on its behalf.

2

D.    "NSM" means defendant NSM Music Group, Ltd., a company incorporated under the laws of the United Kingdom, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their officers, managers, agents, employees, and directors acting or claiming to act on its behalf.

## III.   APPLICABILITY

This Final Judgment applies to Ecast and NSM, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

## IV.   PROHIBITED AND REQUIRED CONDUCT

1.    Each defendant, its officers, directors, agents, and employees, acting or claiming to act on its behalf, and successors and all other persons acting or claiming to act on its behalf, are enjoined and restrained from directly or indirectly adhering to or enforcing § 4 ("EXCLUSIVITY") of defendants' September 2003 "Manufacturing License, Distribution License and Patent License Agreement," or from in any manner, directly or indirectly, entering into, continuing, maintaining, or renewing any contractual provision that prohibits NSM from becoming or limits NSM's ability to become a Digital Jukebox Platform Competitor.

2.    Each defendant, its officers, directors, agents, and employees, acting or claiming to act on its behalf, and successors and all other persons acting or claiming to act on its behalf, are enjoined and restrained from, in any manner, directly or indirectly, entering into, continuing, maintaining, or renewing any agreement with any Digital Jukebox Platform Competitor that prohibits such person from supplying or limits the ability of such person to supply music content in the United States to Digital Jukeboxes, provided however, that (a) any merger or acquisition

3

involving either defendant; (b) any valid license of U.S. Patent No. 5,341,350 from either

defendant to a nonparty; or (c) any valid license of U.S. Patent No. 5,341,350 from NSM to

Ecast, which does not in any way prohibit NSM from becoming or limit NSM's ability to

become a Digital Jukebox Platform Competitor, will not be considered, by itself, a violation of

this paragraph.

## V.  COMPLIANCE PROGRAM

1.     Each defendant shall establish and maintain an antitrust compliance program

which shall include designating, within thirty days of entry of this Final Judgment, an Antitrust

Compliance Officer with responsibility for implementing the antitrust compliance program and

achieving full compliance with this Final Judgment and the antitrust laws. The Antitrust

Compliance Officer shall, on a continuing basis, be responsible for the following:

a.     furnishing a copy of this Final Judgment within thirty days of entry of the
Final Judgment to each defendant's officers, directors, and employees;

b.     furnishing within thirty days a copy of this Final Judgment to any person
who succeeds to a position described in Section V.1.a;

c.     arranging for an annual briefing to each person designated in Section V.1.a
or b on the meaning and requirements of this Final Judgment and the
antitrust laws;

d.     obtaining from each person designated in Section V.1.a or b certification
that he or she (1) has read and, to the best of his or her ability, understands
and agrees to abide by the terms of this Final Judgment; (2) is not aware of
any violation of the Final Judgment that has not been reported to the
Antitrust Compliance Officer; and (3) understands that any person's
failure to comply with this Final Judgment may result in an enforcement
action for civil or criminal contempt of court against each defendant
and/or any person who violates this Final Judgment;

4

e.    maintaining (1) a record of certifications received pursuant to this Section; (2) a file of all documents related to any alleged violation of this Final Judgment and the antitrust laws; and (3) a record of all communications related to any such violation, which shall identify the date and place of the communication, the persons involved, the subject matter of the communication, and the results of any related investigation;

f.    reviewing the content of each e-mail, letter, memorandum, or other communication to any Digital Jukebox Platform Competitor written by or on behalf of an officer or director of either defendant that relates to the recipient's supply of music content in the United States to Digital Jukeboxes in order to ensure their adherence with this Final Judgment.

2.    If defendant's Antitrust Compliance Officer learns of any violations of any of the terms and conditions contained in this Final Judgment, defendant shall immediately take appropriate action to terminate or modify the activity so as to comply with this Final Judgment.

## VI.  COMPLIANCE INSPECTION

1.    For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained or designated thereby, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable written notice to defendants, be permitted:

a.    access during defendants' office hours to inspect and copy, or at the United States' option, to require defendants to provide copies of, all books, ledgers, accounts, records, and documents in their possession, custody, or control relating to any matters contained in this Final Judgment; and

5

   b.    to interview, either informally or on the record, defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by defendants.

2.    Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

3.    No information or documents obtained by the means provided in this section shall be divulged by plaintiffs to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

4.    If at the time defendants furnish information or documents to the United States, they represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall use its best efforts to give defendants ten calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

6

## VII.  **RETENTION OF JURISDICTION**

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## VIII.  **EXPIRATION OF FINAL JUDGMENT**

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## IX.  **NOTICE**

For purposes of this Final Judgment, any notice or other communication shall be given to the persons at the addresses set forth below (or such other addresses as they may specify in writing to Ecast or NSM):

John Read
Chief
Litigation III Section
U.S. Department Of Justice
Antitrust Division
325 Seventh Street, NW, Suite 300
Washington, DC 20530

7

## X.   <u>PUBLIC INTEREST DETERMINATION</u>

Entry of this Final Judgment is in the public interest.


Dated: _____


                                         Court approved subject to procedures of
Antitrust Procedures and Penalties Act,
15 U.S.C. § 16




_____

United States District Judge

8