IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**ECAST, INC.** and<br>**NSM MUSIC GROUP, LTD.**,<br><br>Defendants. | Case No. 1:05CV01754<br><br>Judge Kollar-Kotelly |

**PLAINTIFF UNITED STATES' MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), plaintiff United States moves for entry of the proposed Final Judgment filed in this civil antitrust case. The proposed Final Judgment (which is attached) may be entered at this time without further hearing if the Court determines that entry is in the public interest. There is no objection to the entry of the proposed Final Judgment without a hearing from any of the parties. The Competitive Impact Statement ("CIS"), filed by the United States in this matter on September 2, 2005 explains why entry of the proposed Final Judgment is in the public interest. The United States is filing simultaneously with this motion a Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the statutory waiting period has expired.

**I.     Background**

On September 2, 2005, the United States filed a Complaint alleging that defendants Ecast, Inc. ("Ecast") and NSM Music Group, Ltd. ("NSM") entered into an agreement not to compete

with each other in the market for digital jukebox platforms.  Digital jukeboxes, which play digital music files rather than CDs, offer consumers a significantly wider song selection than CD jukeboxes.  The digital jukebox "platform" consists of the collection of music files licensed from U.S. copyright holders that a digital jukebox can play, and the software that powers the jukebox.  Before entering the agreement with Ecast, NSM was prepared to enter the U.S. market with a digital jukebox and platform in competition with Ecast.  As explained more fully in the Complaint and CIS, as a result of the defendants' agreement, NSM terminated its plans to offer its own digital jukebox and platform in the United States.  Defendants' agreement thus eliminated competition between NSM and Ecast to the detriment of consumers and violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

    At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, which is designed to eliminate the anticompetitive effects of defendants' noncompete agreement.  The proposed Final Judgment enjoins defendants from enforcing or adhering to any agreement that restricts NSM's entry into the U.S. digital jukebox platform market.  The proposed Final Judgment also prohibits defendants from establishing noncompete agreements with other digital jukebox platform competitors and imposes a rigorous antitrust compliance program upon each defendant.

    The United States and defendants have stipulated that the proposed Final Judgment may be entered after compliance with the APPA.  Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Final Judgment and to punish violations thereof.  The United States and defendants have also stipulated that defendants will comply with the proposed

Final Judgment from the date of signing of the Stipulation (filed with the court on September 2, 2005), pending entry of the proposed Final Judgment by the Court. Should the Court decline to enter the proposed Final Judgment, defendants have also committed to continue to abide by its requirements until the expiration of time for appeal.

## II.     Compliance with the APPA

The APPA requires a sixty-day period for the submission of public comments on the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed a CIS in this Court on September 2, 2005; published the proposed Final Judgment, Stipulation, and CIS in the *Federal Register* on September 20, 2005, 70 Fed. Reg. 55167 (2005); and published a summary of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, in the *Washington Post* for seven days beginning on September 15, 2005, and continuing on consecutive days through September 21, 2005. The 60-day period for public comments ended on November 21, 2005, and no comments were received. The Certificate of Compliance filed simultaneously with this Motion recites that all the requirements of the APPA have now been satisfied. It is therefore appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the Final Judgment.

## III.    Standard of Judicial Review

Before entering the proposed Final Judgment, the Court is to determine whether the Judgment "is in the public interest." 15 U.S.C. § 16(e). In making that determination, the Court shall consider:

    A)    the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

    B)    the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In the CIS, filed with the Court on September 2, 2005, the United States has explained the meaning and proper application of the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment as required by law. The proposed Final Judgment is within the range of settlements consistent with the public interest.

## IV.    Conclusion

For the reasons set forth in this Motion and in the CIS, the Court should find that the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further hearings. The United States respectfully requests that the proposed Final Judgment be entered as soon as possible.

Dated:  December 2, 2005

                    Respectfully submitted,


                    _____/s/_____
                    DAVID C. KULLY (DC Bar # 448763)
                    JILL A. BEAIRD

                    Attorneys for the United States
                    U.S. Department of Justice
                    Antitrust Division
                    Litigation III Section
                    325 Seventh Street, NW, Suite 300
                    Washington, DC 20530
                    (202) 305-9969 (telephone)
                    (202) 307-9952 (facsimile)
                    David.Kully@usdoj.gov